David A. Haworth, Esq. (ID No. 027031995)
William P. Reiley, Esq. (ID No. 128872014)
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mt. Laurel, NJ  08054
T: 856.761.3400
haworthd@ballardspahr.com
reileyw@ballardspahr.com

*Counsel for Defendants,*
*Sookil Jeon and Song Ho Hong*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KYONGRO LEE,<br><br>Plaintiff,<br><br>v.<br><br>SUK SAN CHO, KYUK KIM,<br>SOOKIL JEON, SONG HO HONG,<br>YOUNG JIN BAE,<br><br>Defendants. | Civ. Action No. _____ |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. § § 1332, 1441, and 1446, defendants Sookil

Jeon and Song Ho Hong submit this notice of and removal of a case from the

Superior Court of New Jersey, Law Division, Bergen County, bearing docket

number BER-L-001062-23, which is based on the following:

1.     On February 24, 2023, plaintiff Kyongro Lee ("Plaintiff"),

commenced a civil action against Suk San Cho, Kyuk Kim, Sookil Jeon, Song Ho

Hong, Young Jin Bae entitled *Kyongro Lee v. Suk San Cho, et al.*, Docket No. BER-L-001062-23, in the Superior Court of New Jersey, Bergen County (the "State Court Action").  A true and correct copy of the summons and complaint in the State Court Action is annexed hereto as **Exhibit 1**.

2.      Defendants Sookil Jeon and Song Ho Hong first received the complaint filed in the State Court Action on or about March 20, 2023.

3.      Defendants Sookil Jeon and Song Ho Hong now timely file this Notice of Removal within 30 days of its receipt of the Complaint in accordance with 28 U.S.C. § 1446(b).

## THE PARTIES

4.      Plaintiff is, and at all times relevant to the complaint was, an adult individual residing at 545 7th Street Unit A, Palisades Park, New Jersey 07650 and is, therefore, a citizen of New Jersey.  *See* Ex. 1 at ¶1.

5.      Sookil Jeon is, and at all times relevant to the complaint was, an adult individual residing at 1404 Idaho Falls Cove, Pflugerville, Texas 78660 and is, therefore, a citizen of Texas.  *See* Ex. 1 at ¶4.

6.      Song Ho Hong is, and at all times relevant to the complaint was, an adult individual residing at 717 Harvard Drive, Pleasant Hill, California 94523 and is, therefore, a citizen of California.  *See* Ex. 1 at ¶5.

## THE COMPLAINT

7.     Plaintiff alleges that the individual defendants made false statements against him, causing him to be improperly terminated from his role as the Chairman of the Bylaws, Rules, and Regulation Committee of the Federation of Korean American Associations USA.  *See* Ex. 1 at ¶¶7-19.

8.     Plaintiff alleges that these actions damaged his reputation and business, and he is seeking compensatory damages of more than $3,500,000.00, punitive damages, pre-judgment and post-judgment interest.  *See* Ex. 1, Ad Damnum Clauses for Counts I, II, and III.

## DIVERSITY JURISDICTION

9.     The Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332, as the matter in controversy is between citizens of different states and exceeds the sum or value of $75,000.00 exclusive of interests and costs.  *See* 28 U.S.C. § 1332(a).  This action is being removed to this Court based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a).

10.     Plaintiff is a citizen of New Jersey, Sookil Jeon is a citizen of Texas, and Song Ho Hong is a citizen of California.  *See* Ex. 1 at ¶¶1, 4, and 5. Therefore, complete diversity is present in this action.[1]  *See Zambelli Fireworks*

---

[1]     Defendants Suk San Cho, Kyuk Kim, and Young Jin Bae have not yet been served with process and have not officially appeared in this action.  However, it should be noted that they are not citizens of New Jersey, and if they are served with process, complete diversity will remain intact.  *See* Ex. 1 at ¶¶2, 3, and 6.

*Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (holding that parties are completely diverse where "no plaintiff [is] a citizen of the same state as any defendant").

11.    Moreover, Plaintiff seeks compensatory damages in the amount of $3,500,000.00.   *See* Ex. 1.   Thus, the amount in controversy requirement is satisfied based on a reasonable reading of the allegations in Plaintiff's complaint. *See Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (amount in controversy should be determined from the complaint, and "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.").

12.    Further, Plaintiff is seeking punitive damages as a component of his damages.   Punitive damages should be considered for purposes of removal.   *See Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993).

13.    Accordingly, under a reasonable reading of the complaint and claims, the alleged compensatory and punitive damages brings Plaintiff's claims to an amount in excess of $75,000.00.

14.    Given the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this suit is between citizens of different states and the amount in controversy based on a reasonable reading of the complaint is in excess of $75,000.00.

15.     Defendants Sookil Jeon and Song Ho Hong submit this Notice without waiving any defenses to the claims asserted by Plaintiff, and without conceding that Plaintiff has pleaded claims upon which relief can be granted.

16.     Venue is proper here.

17.     Immediately after this Notice is filed, defendants Sookil Jeon and Song Ho Hong will, pursuant to 28 U.S.C. § 1446(d), give written notice of the removal of this action to all adverse parties, and will file a copy of this Notice with the Clerk of the State Court.

**WHEREFORE**, defendants Sookil Jeon and Song Ho Hong respectfully request that the within action, now pending in the Superior Court of New Jersey, Law Division, Bergen County, be removed to the United States District Court for the District of New Jersey, Newark Vicinage.

Dated: April 18, 2023

*s/ William P. Reiley*
David A. Haworth, Esq. (ID No. 027031995)
William P. Reiley, Esq. (ID No. 128872014)
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mt. Laurel, NJ  08054
T: 856.761.3400
haworthd@ballardspahr.com
reileyw@ballardspahr.com

*Counsel for Defendants,*
*Sookil Jeon and Song Ho Hong*

# **<u>EXHIBIT 1</u>**

**SUMMONS**

Attorney(s) SUKJIN CHO, ESQ.

Office Address  2160 NORTH CENTRAL ROAD

Town, State, Zip Code  FORT LEE, NJ 07024


Telephone Number  201-886-0200

Attorney(s) for Plaintiff KYONGRO LEE

KYONGRO LEE


        Plaintiff(s)

    vs.

SUK SAN CHO, KYUK KIM, SOOKIL *JEOH*

SONG HO HONG, YOUNG JIN BAE

        Defendant(s)

## Superior Court of New Jersey

Bergen        County

LAW        Division

Docket No: BER-L-001062-23


# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                                /s/ *Michelle M. Smith*
                                Clerk of the Superior Court


DATED:  02/28/2023

Name of Defendant to Be Served:  SOOKIL JEON

Address of Defendant to Be Served: 1404 Idaho Falls Cove, Pflugerville, Texas 78660


Revised 11/17/2014, CN 10792-English (Appendix XII-A)

Sukjin Henry Cho, Esq.
2160 North Central Road, Suite 305
Fort Lee, New Jersey 07024
Phone: 201-886-0200
sjhenrycho@gmail.com
Attorney for Plaintiff

| | | |
|---|---|---|
| KYONGRO LEE | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION |
| Plaintiff, | : | BERGEN COUNTY |
| | : | Docket No.: BER-L- 001062-23 |
| vs. | : | |
| | : | Civil Action |
| SUK SAN CHO, KYUK KIM, | : | |
| SOOKIL JEON, SONG HO HONG, | : | **FIRST AMENDED  COMPLAINT** |
| YOUNG JIN BAE, | : | |
| Defendant. | : | |

Plaintiff  KYONGRO LEE  by way of Complaint against defendants, says:

1.  Plaintiff KYONGRO LEE (hereinafter "LEE") is a resident of Bergen County, and his address is 545 7th Steet Unit A, Palisades Park, NJ 07650.

2.  At all times relevant to the events described in this Complaint, SUK SAN CHO, (hereinafter "CHO") was and is residing at 707 Nome Street, Aurora, Colorado 80012.

3.  At all times relevant to the events described in this complaint, KYUK KIM, (hereinafter "KIM") was and is residing at 51 Chateau Du Lac, Kenner, LA 70065.

4.  At all times relevant to the events described in this complaint, SOOKIL JEON, (hereinafter "JEON") was and is residing at 1404 Idaho Falls Cove, Pflugerville, Texas 78660.

1

5.   At all times relevant to the events described in this complaint, SONG HO

HONG (hereinafter "HONG") was and is residing at 717 Harvard Drive, Pleasant Hill,

CA 94523.

6.   At all times relevant to the events described in this complaint, YOUNG JIN

BAE, (hereinafter "BAE") was and is residing at 4011 Berdina Road, Castro Valley, CA

94546.

## BACKGROUND

7.   Mr. LEE, owns and operates as a Executive Marketing Director of World

Financial Group Insurance Agency ("AGENCY") located at 7 Broad Ave Suite 201D,

Palisades Park, NJ 07650.

8.   Most of AGENCY's clients are Korean American persons in the Greater

metro NY area and many other states in the United States including members from the

Federation of Korean American Association USA ("FKAUSA")

9.   LEE has always established himself a good citizen and was a past President of

Korean Association of Greater NY from 2005-2007 years with over 100,000 members

and, in particular, of the minority Korean American community.  In addition, LEE was

past President from 2007-2010 years of Federation of Korean American Association of

North Eastern ("FKAANE") and Federation of Korean American Association USA

("FKAUSA") (2009~Present) as an officer/director which consists of about 367 members

all over the United States who are the representatives from local Korean communities.

10. Currently, Plaintiff LEE is the Chairman of Bylaws, Rules, and Regulation

committee of KFAUSA for a term of four (4) years from July 1, 2019.

2

11. When Jaesung Byun a member of KFAUSA had disagreements with plaintiff LEE as to FKAUSA matters, Jaesung Byun made false and defamatory statements and allegations to the Ethics committee of KFAUSA in Summer of 2022.

12. Because Defendant CHO had disagreements with plaintiff LEE as to matters related to the election of president, officers of the above FKAUSA, CHO has shown a history of hostility against plaintiff LEE.

13. When CHO received a complaint from Jaesang Byun, Defendant CHO, conspiring with other defendants who are the members of the Ethics Committee, wrongfully and negligently dismissed and/or discharged plaintiff LEE from his position of the Chairman of Bylaws, Rules, and Regulation Committee without formal due process and hearing that are required under the bylaws. All five (5) defendants, without investigation, decided fraudulent and illegal dismissal/discharge based on rumors merely reported by Jaesung Byun.

14. On numerous occasions defendants the members of the Ethics committee published and informed the other members in the FKAUSA including social media community that Plaintiff LEE is dismissed from the position of the Chairman of Bylaws, Rules, and Regulation Committee because LEE had unacceptable records including unlawful actions.

15. The defendants, conspiring with one another, fraudulently dismissed Plaintiff LEE from all official capacity of the Chairman of Bylaws, Rules, and Regulation Committee as of September 19, 2022. Thereafter Plaintiff LEE could not officially participate the matters that were delegated to him by the members of the KFAUSA.

16. Personally Plaintiff Mr. LEE has been operating its AGENCY Insurance business since the beginning of 2014, and its business volume is over several hundred-thousand dollars per year.

17. As a result of LEE's high quality and special attention to individual clients dealing with life insurance business, LEE has earned a superb reputation in the community and among insurance professionals.  Defendants are aware that LEE have an excellent reputation in the business community.

18. The defendants, who are the members of the Ethics Committee, wrongfully and negligently dismissed and/or discharged plaintiff LEE which the dismissal/discharge were sent to other people in the FKAUSA including through Ka-Talk social media networks.

19.  LEE's professional reputation has been tarnished and severely damaged in the KFAUSA community, and his business has irreversibly damaged due to defendants' wrongful and fraudulent actions dismissing LEE from the position of Chairman of Bylaws, Rules, and Regulation Committee.

## FIRST COUNT (Libel & Slander)

20.  Plaintiff repeats the allegation stated above as if set forth at length herein.

21.  FKAUSA members utilizes electronic communications including Kakao Talk, commonly known as "Ka Talk," a messaging application for mobile phone and desk top platforms, to communicate, publish, and disseminate news and information to other members. The Ka Talk platform enables communication in one group platform.

4

22. On numerous occasions from July 2022 through February 2022, defendants defamed plaintiff by making the following statements:

A. LEE is fraudulently acting as the Chairman of Bylaws, Rules, and Regulation Committee of FKAUSA.

B. LEE was not authorized to act as the Chairman of Bylaws, Rules, and Regulation Committee of FKAUSA.

C. LEE's appointment as the Chairman of Bylaws, Rules, and Regulation Committee of FKAUSA was not approved by higher Committee.

D. LEE lied and fraudulently and unlawfully inserted amended bylaws enacted by FKAUSA.

Defendants have repeatedly stated and published that plaintiff LEE is a liar, and LEE is a fraud.

17. Without limitation, defendants made the false and defamatory above statements containing libelous, slanderous and defamatory statements.

18. Defendants made and published those statements intentionally. As the defendants agreed and wrote against plaintiff LEE, reasonable persons of ordinary intelligence who heard defendants' statements would understand, and did understand, that plaintiff LEE lied and acted fraudulently in the past. These charges are false and defamatory.

14. Defendant's false and defamatory statements were shared by numerous other persons including Association's 367 or more people community who were joined with Ka Talk social media. Moreover, because Plaintiff LEE is well known in the community,

hundreds or even thousands of persons saw and/or heard the false rumors and defamatory statements.

15. Defendants made the foregoing false and defamatory statements for the purpose of injuring plaintiff LEE in his reputations, profession and life insurance business. Defendants knew that their decision and statements were false or alternatively, acted with reckless disregard of whether their statements were true or false.

16. As a direct and proximate result of defendants' false and defamatory statements or decisions, plaintiff LEE has suffered damages. Defendant's statements and/or decisions affected plaintiff in his respective business and profession.

**WHEREFORE**, plaintiff demand judgment against defendants for compensatory damages more than $3,000,000.00, punitive damages, prejudgment and post judgment interest, costs of suit and such other relief as the Court deems equitable and just.

## SECOND COUNT (Tortious Interference with prospective Economic Advantage)

17. Plaintiff repeat the allegations of the First Count as if forth at length herein.

18. Moreover, plaintiff LEE has suffered to his reputations in the community of Federation of Korean American Association USA ("FKAUSA"), and in the Korean American community in the Greater New York area and other states in the United States from which most of his clients come. LEE has lost clients and anticipated insurance business since defendants made false and defamatory remarks. Similarly, LEE has suffered harm to his reputation in the community, including in the insurance community of which he is a member.

6

19. The defamation statements made by defendants of the false and malicious statements about plaintiff set forth in the previous Count, as well as other actions and statements by defendants, interfered with the prospective economic advantage of plaintiff by inducing prospective clients not to engage plaintiff as their insurance agent.

20. As a direct ad proximate result of defendants' malicious inducement to potential clients of plaintiff not to engage plaintiff as their insurance agent, plaintiff suffered damaged in amounts that will be established at trial more than $3,000,000.00.

WHEREFORE, plaintiff demand judgment against defendants for compensatory damages more than $3,000,000.00, punitive damages, prejudgment and post judgment interest, costs of suit and such other relief as the Court deems equitable and just.

### THIRD COUNT (Negligent Infliction of Emotional Distress)

20. Plaintiff repeat the allegations of the Second Count as if forth at length herein.

21. Defendants had disagreements with plaintiff LEE as to FKAUSA election, then aforesaid false and defamatory statements were sent to other people in the FKAUSA through Ka-Talk social media networks.

22. Defendants' aforesaid false and defamatory statements were sent to other members in the Federation of Korean American Association USA ("FKAUSA") in the United States including through social media networks.

23. Defendants owed a duty of care to the plaintiff, and defendants acted without care and to the truth of the false and libel statements.

24. As such, due to defendants' aforesaid false and libel statements, plaintiff Lee suffered shock, humiliation, embarrassment.  And, due to defendants' negligent infliction of emotional distress, plaintiff LEE has been unable to sleep and has become physically sick and psychologically damaged causing severe emotional distress.

**WHEREFORE**, plaintiffs demand judgment against defendant for compensatory damages, punitive damages, in the amount of $500,000 judgment plus interest, costs of suit, and such other relief as the Court deems equitable and just.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that, pursuant to R. 4:4-1(c), Sukjin Cho, Esq., will be trial counsel.

## CERTIFICATION PURSUANT TO R. 4:5-1 and R. 1:38-7(c)(2)

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or a pending arbitration proceeding.  Plaintiff is not currently aware of any other parties that should be joined in this action.

I further certify that confidential personal identifiers have been redacted from documents submitted to the Court, and will be redacted from documents submitted in the future in accordance with R. 1:38-7(b).

Dated: February 27, 2022

By:___/s/ Sukjin Cho_____
        SUKJIN HENRY CHO, Esq.
        Attorneys for Plaintiff
    2160 North Central Road, Suite 305
    Fort Lee, New Jersey 07024
    Phone: 201-886-0200
    sjhenrycho@gmail.com

8

# Civil Case Information Statement

**Case Details: BERGEN | Civil Part Docket# L-001062-23**

**Case Caption:** LEE KYONGRO  VS CHO SUK

**Case Initiation Date:** 02/24/2023

**Attorney Name:** SUKJIN CHO

**Firm Name:** SUKJIN HENRY CHO ESQ

**Address:** 2160 NORTH CENTRAL ROAD SUITE 305

FORT LEE NJ 07024

**Phone:**

**Name of Party:** PLAINTIFF : Lee, Kyongro

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** DEFAMATION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Kyongro Lee?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/24/2023
Dated

/s/ SUKJIN CHO
Signed